| Export period | Appraised value | Claimed value |
| 6/11/59–9/28/59 | $12.4462 | $11.3865 |

That the said Argentine export charge involved in the present appeal was imposed or exacted pursuant to the same Argentine decrees, or other Argentine legal authorities, that were construed by the court in the incorporated case.

That this appeal may be submitted for decision on the incorporated record and this stipulation.

Accepting this stipulation as an agreed statement of facts and on authority of the decision cited therein, I find and hold that constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), effective on the dates the merchandise was entered, or withdrawn from warehouse for consumption, is the proper basis for determination of the value of the canned meat, exported from Argentina during the period June 11, 1959, through September 28, 1959, described on the invoice of the entry covered by this appeal for reappraisement, and that such value per dozen tins, net packed, is $11.3865.

Judgment will be entered accordingly

(Reap. Dec. 11098)

H S ORIGINALS, INC. *v.* UNITED STATES

Entry No. 75250.

(Decided November 4, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Judge: The following appeal for reappraisement is before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto subject to the approval of the court, as follows:

1. That the involved merchandise, consisting of costume jewelry from Japan, was entered or withdrawn from warehouse for consumption after the effective date of the Customs Simplification Act of 1956 (T.D. 54165), and is not identified on the final list published by the Secretary of the Treasury pursuant thereto (T.D. 54165).

2. That on or about the date of exportation, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to

placing the merchandise in condition packed ready for shipment to the United States, were as follows:

| Item No. | Unit value—Japanese yen |
|----------|-------------------------|
| 31141/1 | 56. 10  each |
| 31141/2 | 80. 30  each |
| 31141/3 | 107. 50  each |
| 31141/4 | 133. 50  each |
| 31141/5 | 45. 00  each |
| 31141/6 | 56. 10  each |
| 31141/7 | 45. 00  each |
| 31141/9 | 45. 50  each |
| 31141/10 | 31. 00  pair |
| 31141/11 | 33. 40  pair |
| 31141/12 | 29. 30  pair |
| 31141/13 | 12. 00  pair |
| 31141/14 | 14. 00  pair |
| 31141/15 | 21. 00  pair |
| 31141/16 | 47. 50  each |

—plus, with regard to Items 31141/6, 31141/7, 31141/10, 31141/11 and 31141/12, the pro rata portion of the cost of material supplied to the seller, as appraised ($773.90).

3. That this appeal may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), and that such statutory value therefor is as hereinabove set forth in the stipulation of submission.

Judgment will be rendered accordingly.